IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE ADDY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| ELTMAN, ELTMAN & COOPER, P.C., | ) COMPLAINT AND DEMAND FOR |
| | ) JURY TRIAL |
|     Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

LESLIE ADDY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ELTMAN, ELTMAN & COOPER, P.C., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business within the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Greenwich, Connecticut, 06830.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection law firm with its principal place of business located at 140 Broadway, 26th Floor, in New York, New York, 10005.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

PLAINTIFF'S COMPLAINT

person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in 2007 Defendant informed Plaintiff that she owed a debt of $11,000.00 and if she did not pay her accounts would be frozen.

18. Plaintiff made an initial check of $1,000.00 to Defendant.

19. Then for the next three (3) years Plaintiff tendered thirteen (13) checks of $300.00 each, totaling $3,900.00, and eleven (11) checks of $200.00 each, totaling $2,400.00.

20. In April of 2009, Plaintiff contacted Defendant, received a new caseworker and was told that her current balance was $5,133.25. Plaintiff arranged a new payment schedule at that time.

21. On June 4, 2010, Plaintiff received a call from debt collection agency, Tate & Kirlin Associates, informing her that her account with Defendant had been sold to them and she owed $5,000.00.

22. Plaintiff became confused because she had been making payments to the Defendant regularly and they even had a series of five (5) post-dated checks from the Plaintiff that had not been cashed.

23. Plaintiff also disputed the $5,000.00 amount that was being asked of her.

24. Plaintiff called Defendant on June 7, 2010, and spoke to an agent of Defendant at extension 3130.

25. The Defendant's agent informed Plaintiff that an e-mail would be sent to Tate & Kirlin Associates by the end of the day and the problem would be fixed.

26. No e-mail was ever sent out by Defendant or its agent.

27. Plaintiff called Defendant back on June 8, 2010, and was connected with "Helena".

28. After explaining to "Helena" the problem regarding her account, Plaintiff was told by "Helena" that extension 3130 was assigned to no one in particular and was a dump telephone for calls that could be answered by anyone when no one was in the main office.

29. Furthermore, "Helena" went on to state that no one but a manager had authority to send any e-mails out on Defendant's behalf.

30. "Helena" informed Plaintiff that she should speak with "Mr. Reyes" at extension 3178.

31. Plaintiff called "Mr. Reyes" and left a detailed message regarding the problem.

32. No telephone call was ever returned by "Mr. Reyes".

33. Plaintiff has since learned that Defendant is not licensed to do business in the State of Connecticut, which is where she resides.

34. Upon information and belief, Defendant did not update its account to reflect payments made, when selling the debt to a third party.

35. Defendant did not inform Plaintiff that she should stop submitting monthly payments to Defendant.

36. Defendant engaged in deception by the aforementioned acts and omissions.

37. Defendant's actions were deliberately calculated to cause loss to Plaintiff and to perpetuate a scheme of deception in refusing to respond to her reasonable inquiries.

## CONSTRUCTION OF APPLICABLE LAW

38. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

39. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The

remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

40.  The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

### COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

41.  In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a.  Defendant violated of the FDCPA generally;
   b.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;
   c.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a

- 6 -

       debt;

  d. Defendant violated §1692e(8) of the FDCPA by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

  e. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

  f. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, LESLIE ADDY, respectfully prays for a judgment as follows:

  a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.    Statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LESLIE ADDY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4/29/11

KIMMEL & SILVERMAN, P.C.

By: *Tara L. Patterson* (signature)
Tara L. Patterson
Attorney ID # 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: tpatterson@creditlaw.com